**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**
**EASTERN DIVISION**

|  |  |
|---|---|
| In re:<br><br>TRACY GIACCHETTI<br><br>Debtor | Chapter 13<br>Case No. 17-10641-MSH |
| TRACY GIACCHETTI<br>    Plaintiff<br><br>v.<br><br>EVERHOME MORTGAGE AND<br>FEDERAL NATIONAL MORTGAGE<br>ASSOCIATION<br>    Defendants | Adversary Proceeding<br>No. 17-1038 |

**MEMORANDUM OF DECISION ON THE DEFENDANTS' MOTION TO DISMISS**

The defendants in this adversary proceeding, Everhome Mortgage, now known as EverBank, and Federal National Mortgage Association ("Fannie Mae"), have moved under Fed. R. Civ. P. 12(b)(1) and (6)[1] to dismiss the three-count complaint filed by the plaintiff, Tracy Giacchetti, the debtor in the main case, on the grounds that Ms. Giachetti lacks standing to raise the claims asserted and that the claims are barred under the doctrine of claim preclusion.

In count I of her complaint, Ms. Giacchetti seeks to set aside a foreclosure sale of her home in Sherborn, Massachusetts conducted by EverBank on January 29, 2015, invoking the powers of a

---

[1] Made applicable to bankruptcy proceedings by Fed. R. Bankr. P. 7012.

1

trustee as a hypothetical bona fide purchaser under Bankruptcy Code § 544(a)(3).[2] In count II she seeks to avoid the foreclosure sale as a fraudulent transfer using the power of a trustee under Bankruptcy Code § 548. Finally, in count III she seeks to preserve the avoided transfer for the benefit of the bankruptcy estate under Code § 551.

The facts alleged in the complaint, which for purposes of ruling on a motion to dismiss are accepted as true, *Langadinos v. American Airlines, Inc.,* 199 F.3d 68, 69 (1st Cir. 2000), are as follows. Ms. Giacchetti purchased her home in Sherborn in 2005 for $754,000, borrowing a portion of the purchase price and securing the loan with a mortgage on her property. By 2012, her mortgage debt, which had been refinanced on multiple occasions, had an outstanding balance of $217,000. At that time, Ms. Giacchetti began experiencing financial problems and fell behind on her mortgage payments prompting the mortgage servicer, Bank of America, to begin the process of foreclosure. Ms. Giacchetti applied to Bank of America for a loan modification and was approved. But on the day she was to begin making her modification trial payments Bank of America transferred servicing of the loan to EverBank, which refused to accept the payments. EverBank required Ms. Giachetti to re-apply for a loan modification, which she did. She also submitted a loan modification application to Fannie Mae, the owner of the loan, after Fannie Mae solicited her application.  Fannie Mae approved Ms. Giacchetti's loan modification request,but EverBank denied it.

EverBank notified Ms. Giacchetti that it would be conducting a foreclosure sale of the Sherborn property on January 29, 2015. Ms. Giacchetti then spoke to a representative of EverBank, told the representative that she was considering filing bankruptcy and was told by the representative

---

[2] All references to the Bankruptcy Code or the Code refer to 11 U.S.C. § 101 *et seq.*

that the foreclosure sale would be postponed. The complaint is less than clear as to whether EverBank's representative may have meant that once Ms. Giacchetti filed her bankruptcy petition the sale would be postponed. In any event, Ms. Giacchetti understood the representative to be telling her that on the strength of her expressed intention to file bankruptcy, the sale would be postponed. Relying on her understanding of EverBank's representation, Ms. Giacchetti did not file a bankruptcy petition prior to January 29, 2015. EverBank proceeded with its scheduled sale and sold the property on January 29, 2015, at public auction. The high bidder was David Michael, who signed a memorandum of sale at the conclusion of the auction agreeing to pay $441,000 for the Sherborn property. According to Ms. Giacchetti, at the time of the sale the property was worth $759,000. Mr. Michael has never completed the purchase of the property and no foreclosure deed has ever been recorded.

Following the foreclosure sale, Ms. Giacchetti filed suit against EverBank, Fannie Mae and the foreclosure sale high bidder in the Massachusetts state court. In her complaint she sought to have the foreclosure sale "rescinded" and requested injunctive relief and damages because the conduct of EverBank and Fannie Mae, including the conduct described above, violated the Massachusetts foreclosure statute, Mass. Gen. Laws ch. 244, § 14, and the state's consumer protection statute, Mass. Gen. Laws ch. 93A, and because no assignment of her mortgage to EverBank had been recorded.

When Ms. Giacchetti failed to respond to the defendants' discovery requests in the state court action, they moved for a judgment of dismissal pursuant to Mass. R. Civ. P. 33(a).[3] On February 27,

---

[3] Mass. R. Civ. P. 33(a) provides in relevant part:

> *(4) Application for Final Judgment; Affidavit.* In the event that answers or objections have not been received and after the expiration of 40 days from the date of service of the final request for answers, or such further time as the parties may

3

2017, prior to the hearing on the defendants' motion, Ms. Giacchetti filed a voluntary petition under chapter 13 of the Bankruptcy Code commencing the main case. This prompted the state court to stay Ms. Giacchetti's law suit. In her schedules of assets and liabilities filed in support of her chapter 13 petition, Ms. Giacchetti listed the Sherborn property as her asset and claimed a homestead exemption in the property of $125,000 under Mass. Gen. Laws ch. 188, § 4.

On April 27, 2017, I granted EverBank relief from the automatic stay to return to the state court to complete disposition of the motion to dismiss. On May 12, 2017, the state court entered final judgment in favor of the defendants on their motion to dismiss. Ms. Giacchetti did not appeal from the state court's judgment, presumably electing to vindicate her rights through this adversary proceeding, which she had commenced on April 26, 2017.

The questions presented by the defendants' motion to dismiss are: does the final judgment entered in the state court action preclude Ms. Giacchetti from asserting her claims against EverBank here, and even if the answer is no, does she have standing as a chapter 13 debtor to assert those claims?

Under Massachusetts law, "[t]he doctrine of claim preclusion makes a valid, final judgment conclusive on the parties and their privies, and bars further litigation of all matters that were or should have been adjudicated in the action." *Brandao v. Federal Nat. Mtg. Assoc.*, 567 B.R. 396, 404 (Bankr. D. Mass. 2017), (citing *Heacock v. Heacock*, 402 Mass. 21, 23 (1988)). To trigger claim preclusion, "[t]hree elements must be present: (1) identity or privity of the parties in the present and prior actions; (2) identity of the cause of action; and (3) a prior final judgment on

---

agree upon in writing or the court may allow, the interrogating party may file a written application for entry of final judgment for relief or dismissal.

the merits." *Brandao*, 567 B.R. at 404, (citing, *inter alia, Gloucester Marine Rys. Corp. v. Charles Parisi, Inc.*, 36 Mass. App. Ct. 386, 390 (1994)).

There is no question that the first of the three criteria for invoking preclusion against Ms. Giacchetti has been met. The parties in this adversary proceeding are the same as those in the state court action.

Jumping to the third element, the existence of a prior final judgment on the merits, the issue is whether a Rule 33(a) judgment satisfies this requirement. The answer in this instance is yes. When a judgment, even one entered by default, becomes final, it satisfies the third element of the claims preclusion test. *In re Brennan*, 275 B.R. 172, 176 (Bankr. D. Mass. 2002) (and cases cited therein). *See also United States v. $23,000 in U.S. Currency*, 356 F.3d 157, 163 (1st Cir. 2004) (A "judgment by default is a 'final disposition of the case and an appealable order' that has the same effect as a judgment rendered after a trial on the merits."). Once the state court entered judgment in favor of the defendants and Ms. Giacchetti allowed the appeal period to lapse, there was nothing left to be done for the judgment to become final. *Cf. Inst. for Sav. in Newburyport & its Vicinity v. Langis*, 92 Mass. App. Ct. 815 (2018) (Rule 33(a) judgment not final when damages still need to be ascertained). Ms. Giacchetti was well aware of the state court action, having initiated it, and she could have easily avoided the default judgment by complying with the discovery requests.

Backtracking to the second of the three preclusion elements, the identity of the cause of action, that requirement is satisfied "where the prior claim arises from the same transaction or series of transaction 'even though a party is prepared in a second action to present different evidence or legal theories to support his claim.'" *Noel v. Workout World, Inc.*, C.A. No. 10-11966-RWZ, 2011 WL 2784571, *2 (D.Mass. July 14, 2011), (*citing Baby Furniture Warehouse*

5

*Store, Inc. v. Meubles D&F Ltee,* 75 Mass. App. Ct. 27, 33 (2009)). "Under this approach [the transactional approach], a cause of action is defined as a set of facts which can be characterized as a single transaction or series of related transactions. . . This boils down to whether the causes of action arise out of the common nucleus of operative facts." *Giuffre v. Deutsche Bank Nat. Trust Co.*, Adv. P. No. 16-1095-JNF, 2016 WL 6090844, *8 (Bankr. D. Mass. Oct. 18, 2016) (internal citation omitted).

In reviewing the three counts of Ms. Giacchetti's complaint in this adversary proceeding, I conclude that only count II meets the second prong of the test for preclusion. In count II of her complaint, Ms. Giacchetti seeks to set aside the foreclosure sale as a fraudulent transfer under Bankruptcy Code § 548. Even though this is a cause of action not asserted by her in the state court action, the facts upon which the claim is based are identical to the facts upon which Ms. Giacchetti's state court complaint is based. With respect to counts I and III of Ms. Giacchetti's complaint, however, neither the causes of action nor their factual or transactional underpinnings are related to her state court complaint. Count I asserts a garden-variety trustee strong-arm claim under Bankruptcy Code § 544 based on a timing anomaly, the intervention of the bankruptcy case after the foreclosure sale but before a foreclosure deed could be recorded. This cause of action was not and could not have been raised in the state court. Count III, which seeks the preservation for the benefit of the estate of any avoided transfer, is merely derivative of and dependent upon the success of count I. Thus, the doctrine of claim preclusion applies only to count II of Ms. Giacchetti's complaint, and EverBank's motion to dismiss on the grounds of claim preclusion will be granted as to count II.

Surviving EverBank's assertion of the doctrine of claim preclusion as to counts I and III does not mean Ms. Giacchetti is completely out of the woods. EverBank's second argument is that Ms. Giacchetti lacks standing to assert the causes of action contained in those counts.

EverBank argues that Ms. Giacchetti is attempting to exercise a trustee's avoiding powers to set aside the foreclosure and such powers are unavailable to chapter 13 debtors. EverBank points out that while there is case law to the contrary, the majority view, and the view adopted in every reported decision in this district, is that a chapter 13 debtor is not a debtor in possession and does not have standing to assert a trustee's strong-arm powers. *See, e.g., In re Kalesnik*, 571 B.R. 491, 496 (Bankr. D. Mass. 2017) (footnote omitted) (citing *Kirschke v. Butler Bank (In re Kirschke)*, 2009 WL 4344434, *4 (Bankr. D. Mass. Nov. 24, 2009), *aff'd* 2010 WL 2510087 (D. Mass. June 16, 2010) (quoting *Cardillo v. Andover Bank (In re Cardillo)*, 169 B.R. 8, 11 (Bankr. D.N.H. 1994); *Piper v. United States (In re Piper)*, 291 B.R. 20 (Bank. D. Mass. 2003); *Miller v. Brotherhood Credit Union (In re Miller)*, 251 B.R. 770, 773 (Bankr. D. Mass. 2000); *In re Perry*, 131 B.R. 763, 768–69 (Bankr. D. Mass. 1991).

But in determining whether Ms. Giacchetti has standing to assert her surviving claims, it is not necessary to rely on standing derived from the trustee and so I decline EverBank's invitation to rule on that complex and controversial issue. Ms. Giacchetti has direct standing under Bankruptcy Code § 522(h) which permits a debtor to avoid a transfer "to the extent that the debtor could have exempted such property under subsection (g)(1)" if the trustee could have but did not bring the action.[4]

---

[4] Section 522(h) provides:

> This subsection permits a Chapter 13 debtor to bring an avoidance action if (1) the trustee could have brought such an action; (2) the trustee did not bring the action; (3) the transfer was involuntary and the debtor did not conceal the property or the debtor could have avoided the transfer under § 522(f)(2); and (4) the debtor could have exempted such property had the trustee actually avoided the transfer.

*In re Callanan*, 190 B.R. 137, 139 (Bankr. D. Mass. 1995).

The transfer that Ms. Giacchetti seeks to set aside is the involuntary transfer of her interest, namely the equity of redemption, in the Sherborn property by foreclosure where the foreclosure deed was not recorded prior to the intervention of her bankruptcy case.[5] Ms. Giacchetti did not attempt to conceal her interest in the property; in fact she declared the entire property as her asset in her bankruptcy schedules. Further, her interest in the property is such that she could exempt under

---

> The debtor may avoid a transfer of property of the debtor or recover a setoff to the extent that the debtor could have exempted such property under subsection (g)(1) of this section if the trustee had avoided such transfer, if--
> (1) such transfer is avoidable by the trustee under section 544, 545, 547, 548, 549, or 724(a) of this title or recoverable by the trustee under section 553 of this title; and
> (2) the trustee does not attempt to avoid such transfer.

[5] Massachusetts subscribes to the title theory of mortgages, meaning that the grant of a mortgage transfers the *legal* title to the property to the mortgagee, while the mortgagor retains the *equitable* title. *Vee Jay Realty Trust Co. v. DiCroce*, 360 Mass. 751, 753 (1972). Inherent in the mortgagor's equitable title is the right to recover the legal title from the mortgagee upon payment in full of the mortgage debt. *Carpenter v. Suffolk Franklin Sav.*, 362 Mass. 770, 776 (1973). This is the so-called equity of redemption. *Id.* Under Massachusetts law this equity of redemption is an interest in property that can be assigned, conveyed and levied upon. *Weiss v. U.S. Bank, N.A. (In re Mularski)*, 565 B.R. 203, 207 (Bankr. D. Mass. 2017) (citing *White v. Whitney*, 44 Mass. 81, 84 (1841); *Drinan v. Nichols*, 115 Mass. 353, 356 (1874); *Bigelow v. Willson*, 18 Mass. 485, 500 (1823); *Fales v. Glass*, 9 Mass. App. Ct. 570, 402 N.E.2d 1100, 1103 (1980)). A foreclosure by power of sale terminates ("forecloses") the mortgagor's equity of redemption as soon as the memorandum of sale is executed. *Williams v. Resolution GGF OY*, 417 Mass. 377, 384, 630 N.E.2d 581 (1994). The rights of innocent third parties, however, may not be fully cut off until a foreclosure deed is recorded. *Mularski*, 565 B.R. at 207; *Richardson v. Lee Realty Corp.*, 364 Mass. 632, 635 (1974).

8

Bankruptcy Code § 522(g)(1) and indeed she claimed the real estate as exempt in her bankruptcy schedules under Mass. Gen. Laws ch. 188, § 4, the state homestead exemption.

Bankruptcy Code § 544(a)(3) permits a trustee "to avoid any transfer of property of the debtor . . . that is voidable by . . . . a bona fide purchaser of real property. . . [who] obtains the status of a bona fide purchaser and has perfected such transfer purchaser at the time of the commencement of the case, whether or not such a purchaser exists." Under Massachusetts law a conveyance of an interest in land is not valid against any person who lacks actual notice of the conveyance unless a deed is recorded. Mass. Gen. Laws ch. 183, § 4. Thus a bankruptcy trustee cloaked with the status of a bona fide purchaser under Bankruptcy Code § 544(a)(3) may avoid the transfer of a debtor's interest in property at a foreclosure sale if the deed was not recorded prior to the bankruptcy filing. *In re Mularski*, 565 B.R. at 206.

Because the chapter 13 trustee in this case has not attempted to invoke her strong-arm power to avoid EverBank's involuntary transfer by foreclosure of the Sherborn property and because Ms. Giacchetti identified and claimed an exemption in the property, Ms. Giacchetti has direct standing under Code § 522(h) to seek to avoid the transfer of her interest in the property. Thus EverBank's motion to dismiss count I of the complaint must be denied.

Count III of the complaint seeks to invoke Bankruptcy Code § 551 which provides that a transfer avoided under, among others, § 544 is preserved for the benefit of the bankruptcy estate. To the extent Ms.Giacchetti prevails under count I of her complaint, she is entitled to relief under Count III. For this reason EverBank's motion to dismiss count III must also be denied.

9

Based on the foregoing an order shall enter granting EverBank's motion to dismiss as to count II of the Ms. Giaccehtti's complaint and denying it as to counts I and III.

At Boston, Massachusetts this 2nd day of April, 2018.

By the Court,

Melvin S. Hoffman
U.S. Bankruptcy Judge

Counsel Appearing:   Carmenelisa Perez-Kudzma, Esq.
Perez-Kudzma Law Office
Weston, MA
 for plaintiff, Tracy Giacchetti

David Merritt, Esc.
Bernkoff Goodman LLP
Boston, MA
 for the defendants, EverBank and Federal
 National Mortgage Association